UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDDY OSIAS<br><br>                    Plaintiff,<br><br>         -against-<br><br>DEPARTMENT OF CORRECTION, et al.,<br><br>                    Defendants. | 21-CV-8877 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, currently detained at the Vernon C. Bain Center ("VCBC"), brings this *pro se* action "regarding the humanitarian crisis that's plagued Rikers Island." (ECF 1, at 5.) Because Plaintiff brings claims against government employees of the City of New York, the Court construes the complaint as asserting these claims under 42 U.S.C. § 1983.

By order dated January 28, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action arises out of Plaintiff's pretrial detention at the Anna M. Kross Center ("AMKC") on Rikers Island ("Rikers"), from October 1, 2020, to October 8, 2021. Plaintiff

asserts violations of New York States' Correction Law and Mental Hygiene Law. He names as

Defendants the New York City Department of Correction ("DOC"), the City of New York,

former Mayor Bill de Blasio, and former DOC Commissioner Vincent Schiraldi (collectively

"City Defendants"). The following facts are taken from the complaint.

> Since 2019, when Plaintiff was first taken into custody by the City of New York, he has
>
> witnessed first hand the deterioration of the City Jail. From the effect the
> pandemic has caused, by not having enough supplies to sanitize the housing units,
> the lack of masks, and the shrinking of Dep't staff which cause the most problems
> of all. Our bare minimum standards declined to the point where there almost non-
> existent, and one of the services that were effected was mental health. It's been
> eight months since I was last seen by someone in that Dep't. I've been trying to
> speak with a counselor but to no avail. It's gotten so bad I had to reach out to my
> attorney, to see if there was anything she could do to help me. She was able to set
> me up with a social worker, but it was only temporary. At the present I am under
> mental health supervision, to help deal with my slight depression and insomnia,
> and since this crisis has begun it's very difficult for me to see anyone regarding
> my state of mind, and how I'm coping with everything that's happening. . . . The
> meds I'm taking aren't working and I'm beginning to feel hopeless.

(ECF 1, at 6-7) (errors in original). Plaintiff alleges that Defendants Schiraldi and de Blasio have

failed to address the conditions at Rikers. He also alleges that de Blasio failed to visit Rikers

during his tenure.

Plaintiff brings this action in the hopes that the Court will "intervene on [his] behalf

under the mental hygiene 9.43 (federal code) to help bring some sanity back into an insane

situation." (*Id.* at 9.) He also seeks money damages.

Also pending in this court is another action filed by Plaintiff, challenging the conditions

of his confinement at VCBC, where he currently is housed. *See Osais v. Dep't of Corr. City of*

*New York*, ECF 1:22-CV-0870, 1 (S.D.N.Y., complaint filed on Feb. 1, 2022).

## DISCUSSION

### A.   City Defendants

#### 1.   Claims against DOC

Plaintiff's claims against DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Moreover, as Plaintiff has named the City of New York as a defendant, his claims against former Mayor de Blasio and former DOC Commissioner Schiraldi, brought against them in their official capacities, may proceed against the City of New York. *See Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 284 (E.D.N.Y. 2010) ("Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as redundant and an inefficient use of judicial resources.").

The Court therefore dismisses Plaintiff's claims against DOC, and in their official capacities, de Blasio and Schiraldi, for failure to state a claim.[2]

#### 2.   Municipal Liability

Plaintiff sues the City of New York based on his detention on Rikers Island. When a plaintiff sues a municipality such as the City of New York under Section 1983, it is not enough

---

[2] Because the Court is dismissing all claims against the former Mayor and the former DOC Commissioner, the substitution of parties, under Fed. R. Civ. P. 25(d), is unnecessary.

for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).

Plaintiff sues the City of New York, former Mayor de Blasio, and former Commissioner Schiraldi based on the failure to address the conditions at Rikers from October 2020 to October 2021. Plaintiff has not identified, however, how any particular policy or practice of the City of New York caused a violation of his rights during his detention.

**3.    Individual-capacity Claims against former Mayor de Blasio and former Commissioner Schiraldi**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government

officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names de Blasio and Schiraldi based on their alleged failure to address the overall conditions on Rikers, identified by Plaintiff. He does not allege, however, how their conduct specifically violated Plaintiff's constitutional rights or how they were involved personally in violating his rights. He therefore fails to state a claim against these individual defendants in their individual capacities, and the Court dismisses these defendants on this basis.

**B.    Plaintiff's Remaining Claims**

**1.    Section 1983**

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).[3]

---

[3] Plaintiff references New York State statutes as a basis for this Court's subject matter jurisdiction. The violation of state laws, however, does not give rise to a claim under Section 1983. *See Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983."); *e.g.*, *Davis v. N.Y. State Div. of Parole*, No. 07-CV-5544, 2008 WL 3891524, at *5 (S.D.N.Y. Aug. 20, 2008) ("[A] claim of a violation of a state law procedural requirement does not give rise to a section 1983 claim in the absence of a constitutional violation."); *Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2003) ("Violations of state law procedural requirements do not alone constitute a deprivation of due process since federal constitutional standards rather than state law define the requirements of procedural due process.") (internal quotation omitted); *see also Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) ("[S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures."). Because the Court construes the complaint as asserting federal claims under Section 1983, the Court has jurisdiction over this action.

### 2.    Conditions-of-Confinement Claim

Plaintiff, who was a pretrial detainee at the time of the events giving rise to his claims, alleges that the conditions at AMKC are, in essence, intolerable. The Court construes this allegation as asserting a conditions-of-confinement claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

A pretrial detainee can state a conditions-of-confinement claim under the Fourteenth Amendment by alleging that his conditions were objectively serious, and the defendants "should have known that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Here, Plaintiff fails to state a conditions-of-confinement claim because he does not allege enough facts suggesting that any individual was aware of a specific risk of serious injury to Plaintiff, and then ignored that risk. Plaintiff rather broadly describes the conditions at Rikers Island, generally experienced by detainees. These general allegations do not describe any particular condition that Plaintiff has experienced, or that any defendant was aware of such a condition and chose to ignore it. He therefore fails to state a conditions-of-confinement claim.

### 3.    Medical Claim

Because Plaintiff alleges that he was unable to receive mental health treatment for an extended period of time, the Court construes these allegations as asserting a medical claim under Section 1983. Similar to his conditions-of-confinement claim, Plaintiff's medical claim arises under the Due Process Clause of the Fourteenth Amendment because, as alleged in the complaint, Plaintiff was a pretrial detainee when the events giving rise to this claim occurred. *See Darnell*, 849 F.3d at 29.

To state a medical claim under the Fourteenth Amendment, a plaintiff must state facts suggesting that the medical condition is sufficiently serious and correctional staff acted with at least deliberate indifference to the condition. *See id.* For a condition to be sufficiently serious, it must "either alone or in combination, pose an unreasonable risk of serious damage to [a plaintiff's] health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

As for the correctional staff's showing of deliberate indifference to the condition, a plaintiff must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Thus, a "mere disagreement over the proper treatment" is not actionable under Section 1983. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Moreover, the negligence of a correction official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff alleges that he did not receive mental health treatment for eight months and that his prescribed medication is not working. He does not allege any facts, however, suggesting that an individual correctional official failed to act with reasonable care to mitigate a risk posed by Plaintiff's mental health condition, and that any such officer knew, or should have known, that not providing him treatment posed an excessive risk to his health or safety. Thus, Plaintiff fails to state a medical claim.

**C.**     **Leave to Amend**

Because the defects in Plaintiff's complaint may be cured with an amended complaint, the Court grants Plaintiff an opportunity to submit an amended complaint in support of his conditions-of-confinement and medical claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant.[4] Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

---

[4] If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-8877 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses all claims brought against DOC, former Mayor de Blasio, and former DOC Commissioner Schiraldi.

The Clerk of Court is directed to update Plaintiff's address to: Vernon C. Bain Center 1 Halleck Street, Bronx, New York 10474. The Clerk of Court is also directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    February 22, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                   State                        Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                             State                  Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                             State                  Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                             State                  Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                             State                  Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____