UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUDDY OSIAS,

                            Plaintiff,

                  -against-

NEW YORK CITY DEPT. OF CORRECTIONS;
CORRECTIONAL HEALTH SERVICES; NYC
HEALTH + HOSPITALS; WARDEN KAPUTO;
CAPTAIN SANDS; CAPTAIN WILLIAMS;
VINCENT SCHIRALDI,

                            Defendants.

21-CV-8877 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

      Plaintiff, currently detained at the Vernon C. Bain Center, brings this *pro se* action under 42 U.S.C. § 1983, alleging that while he was detained at the Anna M. Kross Center ("AMKC") on Rikers Island, Defendants (1) "failed to keep Covid-19 & delta controlled" (ECF 8, at 4); (2) caused him to miss court appointments in the Queens County Family Court; (3) failed to bring him to medical appointments at the AMKC; and (4) discontinued his mental health medications because of shortages in staff.

      By order dated January 28, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP").[1] On February 22, 2022, Chief Judge Swain granted Plaintiff leave to file an amended complaint because he failed to state a claim against the named defendants. On March 8, 2022, Plaintiff filed an amended complaint, and on April 20, 2022, the action was reassigned to my docket.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

For the reasons set forth below, the Court: (1) dismisses all claims brought against Defendants New York City Department of Correction ("DOC"), Vincent Schiraldi, and "Correctional Health Services"; (2) adds the City of New York as a defendant; (3) asks the City of New York, Warden Kaputo, Captain Sands, and Captain Williams to waive service of summonses; and (4) directs service on New York City Health + Hospitals ("H+H").

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     DOC**

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      Vincent Schiraldi**

In the February 22, 2022 order, granting Plaintiff leave to amend his complaint, Chief Judge Swain dismissed all claims brought against Vincent Schiraldi, the former commissioner of the DOC, because Plaintiff had failed to state a claim against him. In the amended complaint, Plaintiff does not state a claim against Mr. Schiraldi. Thus, the Court dismisses all claims brought against him for failure to state a claim.

**C.      Correctional Health Services ("CHS")**

Plaintiff names as a defendant, CHS, which is a department within H+H. Because Plaintiff names H+H as a defendant, it is unnecessary also to name CHS as a defendant. The Court therefore dismisses this defendant from the action.

**D.      Waiver of Service**

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York, Warden Kaputo, Captain Sands, and Captain Williams waive service of summons.

**E.      Service of Summons**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

3

Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint on H+H until the Court reviewed the complaint and ordered that a summons be issued for H+H. The Court therefore extends the time to serve H+H until 90 days after the date the summons is issued. If the complaint is not served on H+H within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant H+H through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons for H+H and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the DOC, Schiraldi, and CHS. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York, Warden Kaputo, Captain Sands, and Captain Williams waive service of summons.

The Clerk of Court is further instructed to issue a summons for H+H, complete the USM-285 forms with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 20, 2022
         New York, New York

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

5

## DEFENDANT AND SERVICE ADDRESS

NYC Health + Hospitals
125 Worth Street
New York, New York 10013