

MEMORANDUM ENDORSED

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

DAVID S. THAYER
*Assistant Corporation Counsel*
t: (212) 356-2649
f: (212) 356-1148
e: dthayer@law.nyc.gov

April 14, 2023

*Via ECF*

The Honorable Paul A. Engelmayer
United States District Court for the
Southern District of New York
40 Foley Square
New York, NY 10007

The Honorable Gabriel W. Gorenstein
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: <u>Osias v. Dep't of Corr., *et al.*</u>, No. 21 CV 8877 (PAE)(GWG)

Dear Judge Engelmayer and Magistrate Judge Gorenstein:

    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, the Honorable Sylvia O. Hinds-Radix, attorney for Defendants Warden Kaputo, Captain Sands, Captain Williams, Vincent Schiraldi, NYC Health & Hospitals, and the City of New York (collectively, "Defendants") in the above-referenced action. I write to respectfully request that the Court issue an order to show cause and an order staying discovery, as set forth more fully below.[1]

---

[1] Although this action has been referred to Magistrate Judge Gorenstein for general pretrial matters, (ECF No. 29), the nature of the relief sought in this Letter appeared to extend, in part, beyond general pretrial matters. As such, this Letter is also directed to Judge Engelmayer.

While preparing to make disclosures to and discovery demands upon Plaintiff today, I discovered that Plaintiff recently settled an action against the City of New York and others, including Warden Kaputo, *Osias v. Dep't of Corr., et al.*, No. 22-CV-869 (PAE)(SLC). As part of the settlement of that action, Plaintiff executed a General Release, which is attached hereto as Exhibit A, in which he released "the City of New York, Warden Caputo . . . ; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel . . . from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims, from the beginning of the world to the date of th[e] General Release, including claims for costs, expenses, and attorneys' fees."

The General Release was executed and notarized on December 26, 2022, while this action was already pending. Solicitously reading the Amended Complaint in this action, (ECF No. 38-1[2]), it is clear that Plaintiff pleads claims of unlawful conditions of confinement due to poor COVID countermeasures and a lack of recreation and law library services, (Am. Compl. ¶¶ 3-4, 9-10, 12); deprivation of due process by virtue of Defendants' alleged failure to produce Plaintiff for court appearances, (*id.* ¶¶ 5-8); and deliberate indifference to medical needs due to Plaintiffs' allegedly decreased medication and the alleged failure to produce him to clinic appointments, (*id.* ¶¶ 17-20, 22). These are paradigmatic examples of civil rights claims arising in the prison context, and Plaintiff pleads that they arose between October 1, 2020, and December 3, 2021, (*id.* ¶ 2). As such, they are clearly released by the unambiguous language of the December 26, 2022 General Release. Plaintiffs' claims—and this action—should thus be dismissed. *See Fontanez v. Sanchez*, 19-1735, 2021 U.S. App. LEXIS 23967, at *3-4 (2d Cir. Aug. 12, 2021) (affirming dismissal upon unambiguous terms of release from a separate action), *aff'g*, *Fontanez v. Sanchez*, 18-CV-1718 (ALC), 2019 U.S. Dist. LEXIS 239348 (S.D.N.Y. Apr. 22, 2019) (dismissing after, upon Defendants' request, issuing order to show cause to Plaintiff as to why action should not be dismissed in light of release).

In light of the unambiguous terms of the General Release, Defendants respectfully request that the Court issue an order to show cause directing Plaintiff to demonstrate why this action should not be dismissed. Alternatively, Defendants respectfully request either (i) leave to amend their Answer to assert a release defense, or (ii) that the Court deem the Answer as amended to include such a release defense and grant Defendants leave to file a motion for judgment on the pleadings.

Lastly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants request a stay of discovery pending resolution of the viability of this action. Such a stay is warranted given that Plaintiffs' claims are clearly encompassed by the unambiguous terms of the General Release, the fact that embarking on discovery may unnecessarily burden the parties if

---

[2] I respectfully refer the Court to the annotated version of this complaint at ECF No. 38-1, which was appended to Defendants' Answer. This version contains paragraph numbering that I employ in this Letter for the purpose of citations. Furthermore, all paragraph numbers cited herein are from Section V of the Amended Complaint.

the General Release is indeed deemed applicable, and the fact that discovery has only just begun and a stay will therefore not cause undue prejudice.

    I thank the Court for its consideration of this application.

                Respectfully yours,

                /s/ David S. Thayer

                David S. Thayer

cc:  ***Via First-Class Mail***
   Ruddy Osias
   DIN: 22-B-2764
   Five Points Correctional Facility
   6600 State Route 96
   Caller Box 119
   Romulus, NY 14541
   *Plaintiff pro se*

No opposition having been filed to this letter, the request to deem the Answer amended to state the defense of accord and satisfaction is granted. Additionally, the application for a stay of discovery is granted. A motion for judgment on the pleadings would not be appropriate, however, since the defendants obviously plan to submit material outside the pleadings in their application for dismissal. Any motion for summary judgment seeking dismissal on the basis of the release is returnable before Judge Engelmayer, shall comply with his Individual Rules and Practices in Civil Pro Se Cases, and shall be filed by May 25, 2023.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

May 1, 2023