UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUDDY OSIAS,

                            Plaintiff,

-v-

CITY OF NEW YORK, WARDEN KAPUTO, CAPTAIN SANDS, CAPTAIN WILLIAMS, VINCENT SCHIRALDI, *and* NYC HEALTH & HOSPITALS,

                            Defendants.

21 Civ. 8877 (PAE) (GWG)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Ruddy Osias brings this *pro se* action under 42 U.S.C. § 1983, alleging that while he was detained at the Anna M. Kross Center ("AMKC") on Rikers Island, defendants: (1) "failed to keep Covid-19 & delta controlled," Dkt. 8 at 4; (2) caused him to miss court appointments in the Queens County Family Court, *id.*; (3) failed to bring him to medical appointments at the AMKC, *id.*; and (4) discontinued his mental health medications because of shortages in staff, *id.* at 4–6.

    On February 22, 2022, Chief Judge Swain granted Osias leave to file an amended complaint, noting that his original complaint did not state a claim against the named defendants. Dkt. 7. On March 8, 2022, Osias filed an amended complaint, Dkt. 8, and on April 20, 2022, the action was assigned to this Court's docket.

    On April 20, 2022, the Court dismissed all claims brought against defendants New York City Department of Correction ("DOC"), Vincent Schiraldi, and "Correctional Health Services"; (2) added the City of New York as a defendant; (3) asked the City of New York, Warden

Kaputo, Captain Sands, and Captain Williams to waive service of summonses; and (4) directed service on New York City Health + Hospitals. Dkt. 10. The same day, the Court referred the case to the Honorable Gabriel W. Gorenstein, United States Magistrate Judge, for pretrial supervision. Dkt. 11.

On June 1, 2023, all defendants, Dkt. 61, moved for summary judgment on the ground that during the pendency of this case, Osias had settled a separate lawsuit and, as part of that settlement, signed a general release that released all claims in this action. Dkt. 54 (citing No. 22 Civ. 869). Defendants filed a declaration, Dkt. 55, a copy of the signed release, Dkt. 55-1, a Local Rule 56.1 statement, Dkt. 56, and a memorandum of law, Dkt. 57, in support. The release releases all claims against, *inter alia*, the City of New York, Warden Kaputo, and all "past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation" that arose "from the beginning of the world" up to the date of the release, which Osias signed December 26, 2022. Dkt. 55-1 at 2.

On June 2, 2023, the Court referred the motion to Judge Gorenstein for a Report and Recommendation. Dkt. 59. On June 14, 2023, Osias notified the Court that he did not oppose the motion. Dkt. 62. On June 15, 2023, Judge Gorenstein issued a Report, recommending granting defendants' motion in light of Osias's non-opposition. Dkt. 63 ("Report"). No party objected. The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report in full.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must

2

determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's well-reasoned Report reveals no facial error in its conclusions. The Report is therefore adopted in its entirety. Because the Report explicitly states that the parties "shall have fourteen (14) days to file written objections to this recommendation," and that the failure to file timely objections "will preclude the right to object and also will preclude appellate review," Report at 13–14, the parties' failure to object operates as a waiver of

3

appellate review. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts the June 15, 2023 Report and Recommendation in its entirety and grants defendants' motion for summary judgment at docket 54. The Court respectfully directs the Clerk of Court to terminate the motion at docket 54 and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 7, 2023
New York, New York